[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
THE COURT: This is the matter of James Neal v. Barbara Neal, and we're here to decide a motion to modify brought by the plaintiff husband with regard to alimony and support.
At the time of dissolution on June 22, 1999, this Court entered a decision ordering $1,000 alimony and $327 in support. This was based upon the fact that the husband had a $3,968 gross and a $2,651 net income. He, at that time, was employed for United Technologies, but was based in Russia and had all sorts of adjustments with regard to income because of living overseas.
The defendant wife had zero income.
In addition, there were other orders related to that this Court entered that are not in dispute. The plaintiff returned from Russia for employment here in the United States. This return was not a voluntary one, but one that the company ordered. In fact, the testimony was that he was probably there longer than most people, overseas.
The plaintiff's motion for modification was served on the defendant on July 24, 2002. Currently, the defendant mother grosses $430 a week. According to her affidavit, after payments of Federal income tax, State and local income tax, social security, and Medicare, she has a net income of $318. In fact, however, that amount should be higher by $70, because she did not have to pay income taxes because the amount of her mortgage interest is so substantial. That diluted her income sufficiently, so no income taxes were paid in the year. This is reflected on material presented by the defendant.
His net income, taking into account taxes based upon a deduction of alimony, which I'll come to shortly, is $1,858.08. That amount is reflected on one of the plaintiff's submissions related to alimony of $400 per week. CT Page 15341-i
Motion for modification in regard to child support is not granted. Although in doing a guideline worksheet, there would be a lower amount of support on a straight guideline worksheet, that amount of support would be $288. However, in order to reach 15 per cent below what he currently pays, he would have to pay $278. 46b-36 of the Connecticut General Statutes provides that there should be a — that any deviation of less than 15 per cent from child support guidelines is not substantial. Any deviation of 15 per cent or more from guidelines is substantial. Therefore, he does not have a substantial change in circumstances for purposes of support.
However, there is a substantial change in circumstances for alimony. So I have ordered $400 per week for alimony. It should be noted that on the original decision this Court made, he had $2,651 in net and I ordered a $1,000 of alimony and $327 child support, which left him $1,324 and the defendant $1,327. With the current order, she will have $1,105; i.e. $378 net income from her employment, $327 child support, and $400 alimony. He, after taking off the $327 and $400 will have $1,104 net.
In determining the issue of alimony and support, the Court considered only the current wages, not wages and bonuses he had in the earlier part of the year attributable to the fact that they had bonuses related to his income in Europe as well as an adjustment due to their moving back and payments that he received to come back.
So it is clear that this Court is not changing the orders related to the fact that he will continue to have the right to have the child deductions on his income tax so long as he makes his payments nor any other changes regarding allocation related to uninsured or insurance. None of those have been changed. So all prior orders remain in full force and effect except for the change with regard to alimony.
Honorable Herbert Barall, Judge CT Page 15342